

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-1-2009

# USA v. Sandra Buckeridge

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2744

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Sandra Buckeridge" (2009). *2009 Decisions.* Paper 1256.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1256

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2744
_____

UNITED STATES OF AMERICA,

Appellee

v.

SANDRA YVONNE BUCKERIDGE
a/k/a
Natasha Massicot


Sandra Yvonne Buckeridge,

Appellant
_____

On Appeal from the United States District Court
for the District of the Virgin Islands
(D.C. No. 07-cr-00017)
District Judge: Honorable Curtis V. Gomez
_____

Submitted Under Third Circuit LAR 34.1(a)
April 21, 2009

Before: BARRY, HARDIMAN and COWEN, *Circuit Judges*.

(Filed: June 01, 2009)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Sandra Buckeridge appeals her conviction for aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Count IV). Buckeridge argues that § 1028A(a)(1) requires that the Government prove beyond a reasonable doubt that she knew the documents she used in committing her underlying felony belonged to an actual person. This issue, which was the subject of a difference of opinion among the United States Courts of Appeals, was resolved by the Supreme Court in *Flores-Figueroa v. United States*, 129 S. Ct. 1886 (2009). In *Flores-Figueroa*, the Court held that the Government must show that the defendant knew that the means of identification he used belonged to another person in order to prove aggravated identity theft. *Id.* at 1888. Because the Government made no effort to prove that Buckeridge had such knowledge, it has rightly conceded in its supplemental brief that Buckeridge's conviction for aggravated identity theft must be vacated. Accordingly, we will vacate Buckeridge's conviction on Count IV and remand for resentencing.